O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA ROCKWELL O/B/O R.R., ) | CASE NO. ED CV 08-01711 RZ |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION |
| vs. ) | AND ORDER |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

The plaintiff, a minor, appears here through his mother, who has been appointed his guardian for this litigation. She contests the finding of the Commissioner that her son, beset by an autistic disorder, no longer is disabled. Because the Commissioner did not properly find medical improvement, the Court reverses the decision and orders that benefits continue.

The Administrative Law Judge found that Plaintiff met the Listing for Autistic Disorders, 20 C.F.R. § 404, Subpart P, Appendix 1, Listing No. 112.10, for the period from August 11, 2006 to December 31, 2007 [AR 13], and therefore that Plaintiff was disabled for that time. *See Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1996) (claimants meeting or equaling listing are conclusively presumed to be disabled). The Administrative Law Judge proceeded to find that Plaintiff had experienced medical improvement as of January 1, 2008 [AR 14], and that thereafter Plaintiff did not qualify for disability

payments, given the Administrative Law Judge's findings as to Plaintiff's ability to function within the six domains applicable to evaluation of claims for childhood disability, if a claimant does not meet or medically equal a listing. [AR 15] The Administrative Law Judge relied heavily on the testimony of the medical expert [AR 13 *et seq.*], a doctor who never had examined Plaintiff.

The Court asked the parties for supplemental briefing as to how to approach this case, given that the Administrative Law Judge had found both a closed period of disability, and a subsequent period where Plaintiff was not disabled.  Both parties responded that, when there is a period of closed disability, as here, the appropriate analysis is to consider whether medical improvement had occurred thereafter, just as the adjudicator would do in a case of termination of benefits.  Plaintiff's Supplemental Memorandum at 1; Defendant's Supplemental Briefing in Support of Defendant's Answer at 1.  *See Mendoza v. Astrue*, 88 F. Supp. 2d 1108, 1113 (C.D. Cal. 2000) (cited by both Plaintiff and Defendant here); *Shepherd v. Apfel*, 184 F.3d 1197 (10th Cir. 1999).  For medical improvement to be found, there must be a comparison between the claimant's capacity when the claimant was disabled, and his capacity when currently evaluated.  20 C.F.R. § 416.994a.

The listing applicable here provides that an autistic disorder is sufficiently serious to be disabling when the requirements in both categories A and B are satisfied.  In category A, there must be medically documented findings of:

    a.    Qualitative deficits in the development of reciprocal social interaction; and

    b.    Qualitative deficits in verbal and non-verbal communication and in imaginative activity; and

    c.    Markedly restricted repertoire of activities and interests.

///
///

In Category B, for a claimant of Plaintiff's age, there must be two or more of the following (incorporated from Listing No. 112.02(B)(2)):

    a. Marked impairment in age-appropriate cognitive/communicative function, documented by medical findings (including consideration of historical and other information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized psychological tests . . . ; or

    b. Marked impairment in age-appropriate social functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; or

    c. Marked impairment in age-appropriate personal functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, appropriate standardized tests; or

    d. Marked difficulties in maintaining concentration, persistence, or pace.

In finding Plaintiff disabled for the period August 11, 2006 to December 31, 2007 because he medically equaled a listing, the Administrative Law Judge necessarily found that the "medical findings are at least equal in severity and duration to the listed findings." 20 C.F.R. § 416.926(a). But all the Administrative Law Judge said, in finding medical improvement, was that the medical expert had testified that Plaintiff had shown

a marked improvement in behavior and functioning. [AR 14] There was no analysis of the Listing, or of any way in which Plaintiff previously had met or equaled it, but no longer did so.

This problem intertwined with another, the failure to fully credit the reports and testimony of Plaintiff's mother. Although the Administrative Law Judge said that he gave "generous consideration" to Plaintiff's subjective complaints, as related by his mother [AR 14], and referenced some of the mother's testimony, he deferred entirely to the medical expert, rather than the mother's reports. Yet the Listing itself refers to *qualitative*, not quantitative aspects of a claimant's interaction, communication and imagination, and there was no finding as to any *qualitative* change, nor had the medical expert examined Plaintiff in any way. In the Listing's B category, three of the four sub-categories speak of *age-appropriate* activity and thus, improvements traceable simply to growing older do not show a medical improvement; there must be an improvement to what is age-appropriate, that is, to what is appropriate at the newly-attained age. The B category listings also emphasize the observations of the parents, those who are surely in one of the best positions to observe and report on a child's qualitative interaction, communication and imagination. This is consistent with general Social Security law, which requires that lay testimony of such observers be respected. *Bruce v. Astrue,* 557 F.3d 1113, 1115 (9th Cir. 2009).

Plaintiff's mother testified as to many such qualities that Plaintiff had, involving repetitive activity, constant spitting, overly-long showering (with continuous spitting), and difficulty with language, including difficulty with auditory processing. [AR 32-36] This was true currently, not just historically. The fact that, pursuant to an Individual Educational Plan, a public school re-located Plaintiff to a private school, where Plaintiff was placed in a class of only six students, is further indication of an inability to engage in age-appropriate activity. The medical expert himself acknowledged other symptoms, such as those associated with obsessive-compulsive disorders. [AR 46] While Plaintiff may have said that he has "four friends", there was no assessment of whether these friendships are of the sort that would be age-appropriate, or rather whether they are mere

improvements, from a time when Plaintiff was younger, in Plaintiff's ability to interact with peers. Indeed, Plaintiff's mother testified that he continued to have difficulty making friends, and that part of the reason he was transferred to a therapeutic school just three weeks before the hearing was to allow him to work on developing better peer relationships. [AR 72-73]

The record does not support the conclusion that there was medical improvement, especially when the testimony of Plaintiff's mother is fully credited. When a court concludes that there has not been grounds to terminate benefits, Ninth Circuit law provides that the remedy on remand is for benefits are to continue. *Iida v. Heckler*, 705 F.2d 363, 365 (9th Cir. 1983). Accordingly, the Commissioner's decision is reversed, and the matter is remanded for an award of continuing benefits.

IT IS SO ORDERED.

DATED: March 12, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE